MAEDE, Respondent, vs. BROEHM and others, Appellants.

*December 10, 1912—January 7, 1913.*

*Cemeteries: Location: Appeal: Party not wishing to prosecute: Affirmance.*

1. Sec. 1454, Stats., prohibiting the laying out or establishing of any cemetery grounds or the use of any grounds for burial purposes within fifteen rods of any habitable dwelling, is aimed at the grounds as a whole, and where a considerable part of the grounds which have been laid out and are about to be used for burial purposes are within such limit it is immaterial, in an action to restrain such use, that the particular grave dug by the defendants was more than fifteen rods from plaintiff's house.

2. The statement having been made in respondent's brief, and repeated without contradiction upon the oral argument, that one of the appellants (in this case a church corporation) had notified their attorney that it did not wish to prosecute the appeal and had requested that the same be dismissed so far as the church was concerned, and a fugitive verified statement to the same effect having been sent to this court by the trustees of the church, the court affirms the judgment against such appellant without extended or critical examination of the evidence.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an equitable action brought against *Ed. Broehm* and the *German M. E. Church* of Brillion to perpetually enjoin them from using certain grounds, located within fifteen rods of the plaintiff's dwelling house, for burial purposes in violation of the terms of sec. 1454, Stats. (Laws of 1909, ch. 29), which provides that "no person, association or corporation shall lay out or establish any cemetery grounds or use any grounds for burial purposes . . . within fifteen rods of any habitable dwelling."

The facts were that in 1894 one Jacob Broehm acquired title to a rectangular piece of land in Calumet county one and one-half acres in extent near plaintiff's premises, the east half of which was within fifteen rods of the plaintiff's dwelling house. In 1903 Jacob Broehm deeded to his sons and sons-in-law respectively seven lots, each twenty feet square, which lay side by side, separated by four-foot paths, in the north half of the said parcel. It seems that one of the lots, by reason of a mistake in the description, in fact lay outside of and just west of the parcel. All of these conveyances were conditioned that the land should be used for burial purposes and no other. Mr. Broehm reserved to himself one lot of the same size as the others which was supposed to be in the extreme northwest corner of the parcel, but, on account of a mistake in the description, was in fact just outside of and immediately west of the parcel. In 1909 Jacob Broehm by warranty deed conveyed the entire parcel, except the eight lots, for a nominal consideration to the defendant the *German Methodist Episcopal Church* of the town of Brillion, he himself being a member of that church. This deed contained no limitations or conditions as to the use of the property. This conveyance, of course, carried the four-foot paths between the lots theretofore deeded for burial purposes. The church had no cemetery of its own and made no actual use of the property for any purpose.

It is understood in the case that Jacob Broehm wished and

expected that the eight lots should be used by himself, his sons, and sons-in-law as a family cemetery. No interments have yet been made in it, however. Jacob Broehm died in November, 1910. The defendant *Edward Broehm,* one of his sons, made the arrangements for his father's funeral, which was to be and was in fact conducted by the pastor of the defendant church. After consultation with his brothers, *Edward* caused a grave to be dug in the lot in the northwest corner of the acre and a half parcel, which was supposed to be the lot reserved by Jacob Broehm for his own use. He also caused four of the lots to be staked out, and testified that it was his intention and the intention of his brothers and sisters to use their respective lots for burial purposes as they had occasion. Thereupon this action was brought, and the court upon the above facts held that the defendants *Ed. Broehm* and the *German M. E. Church* were in the act of laying out and establishing the acre and a half tract for cemetery grounds, and were preparing to use the same for burial purposes, and that such premises were within fifteen rods of the plaintiff's habitable dwelling, and granted a perpetual injunction against such use. From this judgment the defendants appeal.

For the appellants there was a brief by *Gustav B. Husting,* attorney, and *Paul O. Husting,* of counsel, and oral argument by *Paul O. Husting.*

*F. M. Wilcox,* for the respondent.

Winslow, C. J. So far as the defendant *Broehm* is concerned, there can be no doubt that the findings are amply justified by the evidence, and hence that the judgment must be affirmed. He frankly admits that it is the intention of himself and his brothers and sisters to comply with his father's wishes and use their respective lots for burial purposes; and thus that the burial of his father's body would be simply the initial interment in a family cemetery which in time would doubtless contain numerous graves. A substantial part of

this projected cemetery would admittedly lie within the pro-hibited fifteen-rod distance from the plaintiff's house. The fact that the grave itself was a little more than fifteen rods distant from the plaintiff's house makes no difference. The statute is aimed at the grounds as a whole, and it is unques-tionable that a considerable part of the grounds which were here being laid out, established, and actually used for burial purposes were within the limit.

As to the defendant church the evidence is not so conclu-sive. However we do not feel called upon to examine this question critically. It is stated in the respondent's brief that the trustees of the church, before the case was called for argu-ment, gave appellants' attorneys written notice that the church did not wish to further prosecute the appeal and requesting that the same be dismissed so far as the church was concerned. This statement was repeated in substance on the oral argu-ment, and appellants' counsel not only did not challenge its correctness but gave the court to understand that he was in no position to do so if he would. A fugitive verified statement sent to this court by the trustees of the church is to the same effect. We cannot, of course, base official action upon this paper, and we only notice it here because it seems to place beyond doubt the statement of counsel made in court. If the church has definitely determined that it is content with the judgment of the trial court, it does not seem that we should be justified in making an extended examination of the record for the purpose of thrusting upon the church a result which it does not desire. The judgment will therefore be affirmed as to both appellants.

*By the Court.*—Judgment affirmed.